**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| RANDY HERBST, ) | |
| ) | |
| Plaintiff, ) | CASE NO. |
| ) | |
| v. ) | |
| ) | |
| PRO DRIVERS, INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff, by counsel, alleges against Defendant that:

1. The plaintiff is Randy Herbst ("Plaintiff"), a former employee of the Defendant residing at all material times to this Complaint in Avilla, Noble County, Indiana. Plaintiff was a lease driver for Penske, out of New Haven, IN through Pro Drivers.

2. The defendant is Pro Drivers, Inc., d/b/a/ "Pro Drivers" ("Defendant"), an Indiana corporation doing business at 9510 W Ross Ln Ste. 8-9 Indianapolis, IN 46268. At all material times to this Complaint, Defendant was an "employer" for purposes of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111 ("ADA"), Indiana Worker's Compensation Act, and the Family Medical Leave Act of 1993, 29 CFR § 825, et. seq. ("FMLA").

3. Plaintiff filed his Charge of Discrimination and Amended Charge of Discrimination (EEOC No. 470-2016-00151 and EEOC No. 470-2016-01438) on November 6, 2015 and April 8, 2016, respectively, copies of which are attached hereto, incorporated herein, and made a part hereof as Exhibit "A" and Exhibit "B".   The EEOC issued its Dismissal and

–1–

Notice of Rights/Notice of Suit Rights on August 30, 2016 a copy of which is attached hereto and made a part hereof as Exhibit "C".   All administrative remedies have been exhausted and all jurisdictional prerequisites have been met for the filing of this lawsuit.

4. At all times material to this Complaint, Plaintiff performed his position to the reasonable expectations of Defendant.

5. Plaintiff was originally hired by Defendant on or about August 1, 2013.

6. On or about May 13, 2015, Plaintiff suffered a work-related injury to his back when he was rear-ended in a trucking accident requiring him to be placed on restricted duty at work and to undergo physical therapy.

7. On or about December 9, 2015, while on restricted duty and undergoing physical therapy, Plaintiff was in another automobile accident. This accident left him severely injured.

8. Plaintiff's second serious injury to his foot, ankle left knee, forearms, and left tricep, constituting a disability/perceived disability/record of impairment, significantly interfered with his daily life activities of bending, squatting, pulling, pushing, and lifting.

9. While on work restrictions, Defendant sent Plaintiff to perform false jobs which resulted in Plaintiff losing his Temporary Total Disability Benefits.

10. Plaintiff's serious work-related injury would have qualified Plaintiff to receive Family Medical Leave pursuant to the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.*, (hereinafter "FMLA").

11. Plaintiff asserts that he would have been entitled to FMLA because: Plaintiff's injury qualified as a serious medical condition for which he would have been entitled to receive FMLA; Defendant was aware of Plaintiff's serious injury and entitlement to FMLA prior

to his termination, and, Defendant failed to offer/interfered with Plaintiff's rights to FMLA.

12. There is suspicious timing between the date Plaintiff was injured, his need for time off to care for his injury/subsequent re-injury and his termination, reflecting a temporal nexus between the events;

13. In addition, Defendant failed to engage in the interactive process and failed to provide reasonable accommodations in violation of Plaintiff's rights under the ADA.

14. On or about March 4, 2016, Plaintiff was terminated. The reason given for termination was for non-compliance with a drug screen. Defendant, knowing Plaintiff did not have a phone, called Plaintiff to request he take a drug screen. Plaintiff did not have a phone and was not able to return Defendant's phone call.

15. Plaintiff contends that the proffered reason for termination was false and pretextual, because Defendant was able to contact Plaintiff by other methods to request Plaintiff take a drug screen. Plaintiff asserts that he has been discriminated against, retaliated against and terminated on the basis of suffering from a serious back, leg, and foot injury constituting a disability/perceived disability/record of impairment, and/or for suffering from a work related injury, which caused Defendant to retaliate/interfere with his rights to FMLA benefits. Defendant's actions were in violation of Plaintiff's federally protected rights under the ADA, and state rights under the Indiana Worker's Compensation Act.

16. Defendant further interfered with Plaintiff's rights under FMLA.

17. The actions of Defendant are also in violation of the tort laws and public policies of the

State of Indiana, which prohibits employers from discharging employees for becoming injured on-the-job and asserting the right to workman's compensation benefits.

18. The Defendant's discriminatory and/or retaliatory conduct was the direct and proximate cause of Plaintiff suffering the loss of his job and job related benefits including income as well as emotional distress, mental anguish, inconvenience, and other damages and injuries.

19. The Defendant's discriminatory and/or retaliatory conduct, furthermore, was intentional, knowing, willful, wanton, and in reckless disregard of Plaintiff's federally protected rights under the ADA, FMLA, and the laws and public policies of the State of Indiana addressed by the Indiana Worker's Compensation Act. Plaintiff is entitled to receive punitive and liquidated damages against the Defendant.

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant for compensatory damages, punitive damages, liquidated damages, reasonable attorney's fees and costs, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/Christopher C. Myers
Christopher C. Myers, #10043-02
Skyler Spurling-Newsome, #33833-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802-2307

Telephone: (260) 424-0600
Facsimile: (260) 424-0712
Attorneys for Plaintiff